UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:14-CV-1354-CEJ |
| INNOVATIVE CONCRETE, LLC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for default judgment, pursuant to Fed. R. Civ. P. 55(b)(2). Plaintiffs also seek an order compelling an audit. The defendant has not responded, and the time allowed for doing so has expired.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974 (LMRA), as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132. Plaintiffs are four employee benefit plans (the Pension, Welfare, Vacation, and Training funds), their trustees (collectively, the plans), and Local Union Nos. 42, 53, and 110 of the Laborers International Union of North America (the Union). Defendant Innovative Concrete, LLC is an employer in an industry affecting commerce within the meaning of the LMRA and ERISA. Plaintiffs allege that defendant failed to make timely contributions to the plans as required under the terms of a collective bargaining agreement.

## I. Procedural History

Plaintiffs filed the instant case on August 4, 2014. Service was achieved on defendant on August 6, 2014. The defendant filed an answer on October 9, 2014. The Court issued a Case Management Order, and the matter proceeded to discovery. The deadline for dispositive motions was February 20, 2015, but none was filed. The case is set for a bench trial on July 27, 2015.

Defense counsel moved to withdraw on April 21, 2015. The Court granted the motion on May 4, 2015. Because a corporation cannot represent itself in a civil action, *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996), the Court also ordered defendant to retain new counsel no later than June 5, 2015. The Court warned defendant that if new counsel did not file an entry of appearance by that date, the Court might impose sanctions, including striking defendant's answer and entering default judgment. Defendant was sent a copy of that Order by certified mail on May 6, 2015. Yet, defendant has not responded to the Order; no new counsel has entered an appearance on its behalf.

On June 10, 2015, plaintiffs moved for entry of default and for default judgment. The Clerk of Court entered default against defendant on June 11, 2015. Despite having been given ample opportunity to do so, defendant has not responded. The Court will therefore strike defendant's answer. *See SSM Managed Care Org., L.L.C. v. Comprehensive Behavioral Care, Inc.*, No. 4:12-CV-2386-CAS, 2014 WL 241920, at *1 (E.D. Mo. Jan. 22, 2014) (striking a corporate defendant's answer and entering default judgment where the corporation had "fail[ed] to comply with a court order to obtain counsel" (citation omitted)).

## II. Legal Standard

Pursuant to Fed. R. Civ. P. 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Granting default judgment is within a district court's discretion. *See Weitz Co., LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012).

When a party defaults, "the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A Charles Alan Wright et al., Federal Practice and Procedure: Civil § 2688, at 63 (3d ed. 1998)). "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). However, where "'the findings and judgment regarding damages in the instant case are capable of being computed on the basis of facts of record' . . . the district court need not hold an evidentiary hearing on the issue of damages." *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)).

## III. Discussion

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who

3

fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, interest, attorneys' fees, and costs.  *Id.* § 1132(g)(2).

On April 20, 2012, defendant agreed to be bound by the terms of a collective bargaining agreement between the Site Improvement Association and the Union (the Agreement), effective retroactively from March 1, 2009 through March 1, 2014.  [Doc. #18-5].  The Agreement required defendant to provide notice of termination to the Union in advance of the end of the Agreement, or defendant would be bound to any renewed agreement between the Union and the Site Improvement Association.  Defendant did not provide notice of termination, and the Site Improvement Association and the Union negotiated a new agreement that is effective from March 1, 2014 through March 1, 2019 (the Renewed Agreement).  [Doc. #18-6]  Accordingly, defendant is bound to the Renewed Agreement.

The Agreement and the Renewed Agreement both require defendant to make contributions to the funds for each hour worked by employees covered by the Agreement or the Renewed Agreement.  *Id.* §§ 5.03–10.  Failure to make timely contributions subjects defendant to liquidated damages equal to 20% of the unpaid contribution, interest, accounting costs, court costs, and attorneys' fees.  *Id.* §§ 5.10–11.  Plaintiffs are also authorized to audit defendant's payroll and related records to verify their accuracy and determine whether defendant has made the required contributions.  *Id.* § 5.11.

Plaintiffs submit the affidavit of John Massa, an auditor with the accounting firm of Wolfe-Nilges-Nahorski, and an exhibit showing the results of a payroll audit for the period of April 20, 2012 through December 31, 2013.  This exhibit establishes that, for this period, defendant owes $32,157.73 in unpaid

4

contributions, $6,519.73 in liquidated damages, and $929.32 in interest, for a total of $39,606.78. Defendant also owes $1,105.00 for the records examination fee.

Plaintiffs also submit the affidavit of Ron Graves, the Controller of the benefits funds. Graves states that defendant has submitted reports detailing contributions through September 2014, and those reports demonstrate that defendant owes an additional $19,433.10 in contributions and $4,505.67 in liquidated damages. However, the reports are not attached as exhibits to plaintiffs' motion, so the Court cannot verify Graves's unsubstantiated assertion. The Court will not award plaintiffs damages on that speculative basis.

Based on the documentation and affidavits submitted by plaintiffs, the Court finds that defendant Innovative Concrete, LLC was bound at all relevant times by a valid collective bargaining agreement and that it breached its obligations by failing to timely pay the required contributions. Plaintiffs have established that defendant is liable to them for $32,157.73 in unpaid contributions, $6,519.73 in liquidated damages, and $929.32 in interest, for a total of $39,606.78.

Plaintiffs also submit the affidavit of attorney Andrew P. Billington. Mr. Billington attests that in 2014 his firm's standard hourly billing rates were $180.00 for partners' services, $170.00 for associates' services, and $90.00 for paralegal services. Those rates were each increased by $5.00 per hour in 2015. A total of 18.9 hours was expended in connection with this matter, primarily by associates, for a total of $4,491.50 for legal services. The Court finds that the hourly rates and hours expended are reasonable. In addition, the firm paid $400.00 for the filing fee and $53.74 for service of process, for a total of $453.74.

5

Adding together the $39,606.78 with the $1,105.00 records examination fee, the $4,491.50 in attorneys' fees, and the $453.74 in costs, plaintiffs are entitled to judgment in the sum $45,657.02. Furthermore, an audit of defendant's payroll records from October 1, 2014 to the present is appropriate in the instant case. The Court will order defendant to pay plaintiffs the amounts above, and will order an audit of defendant's records.

* * * * *

**IT IS HEREBY ORDERED** that defendant's answer [Doc. #9] is **stricken**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for default judgment [Doc. #17] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that within **thirty (30) days** of the date of this Order, defendant shall furnish to plaintiffs copies of its books, ledgers, payroll records, bank statements, and other documents reflecting or pertaining to all hours worked by and wages paid to defendant's employees from October 2014 to the present.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of June, 2015.